UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DORFMAN,<br><br>                              Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., and DOES 1<br>through 10,<br><br>                              Defendants. | Case No.: 16-CV-1596 JLS (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CVS PHARMACY, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE TRANSFER OR STAY**<br><br>(ECF No. 3) |

Presently before the Court is Defendant CVS Pharmacy, Inc.'s ("CVS") Motion to Dismiss or in the Alternative Transfer or Stay Pursuant to the First-to-File Doctrine. ("Mot.," ECF No. 3.)  Also before the Court are Plaintiff Robert Dorfman's Response in Opposition to, ("Opp'n," ECF No. 7), and Defendant's Reply in Support of ("Reply," ECF No. 9) Defendant's Motion.  Defendant also filed a notice of supplemental authority stating that Judge John Z. Lee granted Plaintiffs' motion to appoint interim class counsel in the related Illinois case (discussed below).  (ECF No. 11-1.)  After considering the parties' arguments and the law, the Court **DENIES** Defendant's motion to dismiss or stay based on the first-to-file rule, and **GRANTS** Defendant's motion, in the alternative, to transfer.

/ / /

1

1

## BACKGROUND

2      Defendant moves to dismiss, transfer, or stay the case based on a similar, pending

3 case in the Northern District of Illinois. On May 20, 2014, Plaintiffs Carl Lowe and Kearby

4 Kaiser filed the Illinois Action, captioned *Lowe v. CVS Pharmacy, Inc.*, No. 14-cv-03687

5 (N.D. Ill.). (Mot. 6,[1] ECF No. 1; *see also id.* at Ex. A ("*Lowe* Compl.").) The *Lowe* case

6 involves alleged violations of the TCPA[2] and Illinois' TCPA analog. (*Id.*) The *Lowe* case

7 has been pending for over two years, during which the parties conducted significant

8 discovery. (*Id.*) Plaintiff Lowe claims that he received unsolicited automated voice calls

9 from CVS meant for "Anna," (*Lowe* Compl. ¶¶ 26–29) and Plaintiff Kaiser likewise claims

10 that he received numerous unsolicited calls from CVS for the purpose of, among other

11 things, encouraging Kaiser to buy flu shots from CVS. (*Id.* ¶¶ 36–41.)

12      In the *Lowe* action, Plaintiffs seek to certify the following TCPA class (the "*Lowe*

13 Class"):

14      All persons whose cellular telephone number CVS or someone

15      on CVS's behalf called, on or after May 20, 2010, using an

16      artificial or prerecorded voice or equipment capable of dialing

17      numbers without human intervention, where one purpose of the
        call was to encourage the recipient to make a new purchase of

18      goods or services.

19 (*Id.* ¶ 59.)

20      On May 26, 2016, Plaintiff Dorfman filed the present case against CVS in San Diego

21 County Superior Court. (Mot. 7, ECF No. 3-1.) Defendant subsequently removed the case

22 to this Court on June 23, 2016. (*Id.* (citing ECF No. 1-3).) Like the *Lowe* case, the present

23 case involves alleged TCPA violations. Moreover, Dorfman similarly claims he received

24 prerecorded calls on his cellphone from CVS meant for an individual named "John." (ECF

25 No. 1-3 ("Compl."), at ¶¶ 11–18.) Here, Plaintiff seeks to certify the following class (the

26

27 _____

28 [1] Pin citations refer to the CM/ECF numbers electronically stamped at the top of each page.
   [2] Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (2015).

"*Dorfman* Class"):

> Recipients in the United States of artificial or prerecorded voice calls from Defendant, or a caller acting on behalf of Defendant, within the past four years seeking to have the called party purchase Defendant's goods or services, where the number called was misdialed or entered incorrectly into a dialing system, or for any other reason resulted in Defendant making a call to a number where the called party was different from the party Defendant intended to reach or the party who consented to being called.

(*Id.* ¶ 25.)

## LEGAL STANDARD

"[T]he well-established 'first to file rule' . . . allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court . . . ." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). "In applying this rule, a court looks at three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Z–Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

Although the first to file rule "should not be disregarded lightly," *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979), the district court has discretion to disregard the first-to-file rule in the interest of equity when there are circumstances of bad faith, anticipatory suit, or forum shopping, *Alltrade*, 946 F.2d at 628 (citations omitted). "A court may also refuse to apply the first to file rule if the balance of convenience weighs in favor of the later-filed action." *Z–Line Designs*, 281 F.R.D. at 665. However, "the respective convenience of the two courts . . . 'normally . . . should be addressed to the court in the first-filed action.'" *Alltrade*, 946 F.2d at 628 (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982)).

/ / /

/ / /

/ / /

**ANALYSIS**

## I.  First-to-File Rule

Defendant moves to dismiss, transfer, or stay the present action based on the first-to-file rule.  The Court addresses each of the three threshold factors below.

### A.    *Chronology of the Two Actions*

The action pending against Defendant in the Northern District of Illinois was indisputably filed prior to Plaintiff's present case against CVS.  What's more, the Illinois action was filed more than two years before the present case, which is significantly longer than chronology assessments in other cases.  *See, e.g.*, *Am. Newland Communities, L.P. v. Axis Specialty Ins. Co.*, No. 11CV1217 JLS WMC, 2011 WL 5359335, at *2 (S.D. Cal. Nov. 7, 2011) (Sammartino, J.) ("The fact that Defendant's action was filed just three days, or one business day, prior to the Insureds' action does not defeat the Court's finding that chronologically, Defendant's action was filed first.").  Accordingly, this factor favors application of the first-to-file rule.

### B.    *Similarity of the Parties*

The parties disagree about the similarity of the parties between the Illinois action and the present case.  While both parties agree that CVS is a defendant in both suits, the parties dispute whether the *Dorfman* Class is sufficiently similar to the *Lowe* Class as to warrant application of the first to file rule.

Defendant argues that the *Lowe* Class subsumes the *Dorfman* Class in its entirety, or that there is at least substantial overlap between both classes.  In particular, Defendant claims that "[t]he *Lowe* class definition . . . includes *all persons* who received calls on their cell phone from CVS, while the *Dorfman* Class includes a four-year subset of *Lowe* that involved misdialed or otherwise incorrectly dialed numbers."  (Mot. 12, ECF No. 3-1 (emphasis in original).)  Based on the facts alleged, Defendant also argues that Plaintiff Dorfman "is in fact a putative class member in *Lowe*."  (*Id.*)  Plaintiff responds that, contrary to Defendant's argument, the *Dorfman* Class is actually broader than the *Lowe* Class because it is not limited to cell phones (e.g., it includes calls from CVS to a landline).

4

(Opp'n 6, ECF No. 7.)

The Court agrees with Plaintiff that his class is potentially broader than the *Lowe* Class, given that the *Dorfman* Class is not limited to those who received calls from CVS on their cell phones.  However, courts "have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals."[3]  *Koehler v. Pepperidge Farm, Inc.*, No. 13-CV-02644-YGR, 2013 WL 4806895, at *4 (N.D. Cal. Sept. 9, 2013).  In this case, the Court finds that the device on which a putative plaintiff received a complained-of communication from CVS is not alone sufficient to overcome the overall substantial similarity between both classes.  Indeed, while the *Dorfman* Class may be broader because of the absence of a cellphone limitation, at least some—if not a majority—of calls made by CVS to putative plaintiffs in *Dorfman*'s Class may be made to cellphones, which would in turn be covered by the *Lowe* Class.  *Cf. id.* ("Although plaintiff in the *Bolerjack* Action seeks to represent a geographically larger class, plaintiffs in both actions intend to represent at least a class of California consumers that purchased Cheddar Goldfish Crackers.").  The Court further notes that there is a reasonable question concerning whether Plaintiff can represent a class that received calls on landlines, given that Plaintiff's Complaint indicates that he received calls from CVS on his cellphone.[4]  (Compl. ¶ 12, ECF No. 1-3 ("Plaintiff has received nineteen (19) calls on his wireless telephone . . . .").)  Thus, the Court finds that there is substantial overlap and similarity between the parties, which favors application of the first-to-file rule.

/ / /

---

[3] In addition, the presence or absence of certain parties from the pending actions is not dispositive because "exact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008) (citation omitted).

[4] Defendant further argues that "even if Plaintiff could represent landline call recipients, health care calls to landlines are *exempt* from liability under the TCPA, even to a wrong number." (Reply 9, ECF No. 9 (emphasis in original) (citing *In the Matter of Rules & Regs. Implementing the Tel. Cons. Prot. Act.*, 27 F.C.C. Rcd. 1830, 1852 (2012), and 47 C.F.R. § 64.1200(a)(3)(v)).)

### C.    Similarity of the Issues

Plaintiff does not contest that the issues in the Illinois and California actions are similar. [5]   However, Plaintiff argues that the *Dorfman* Class is narrower than the *Lowe* Class, and thus presents narrower issues, in at least two ways.  First, Plaintiff argues that the *Lowe* Class "focuses solely on wrong number calls, because 'right number' calls may be subject to CVS asserting alleged consent defenses, which are not an issue with 'wrong number' calls." (Opp'n 6, ECF No. 7.)  Second, Plaintiff argues that the *Lowe* Class "does not include autodialed calls that do not involve a prerecorded voice, because 'autodialing' is not a necessary element for prerecorded call claims, autodialing is not by itself sufficient to violate the TCPA for landline calls without a prerecorded voice, and defendants sometimes debate whether a phone system constitutes an 'autodialer.'"  (*Id.*)    Thus, Plaintiff claims that these are issues which will not be addressed in the present case.  (*Id.*)

Plaintiff may well be right, but, as with the similarity of parties requirement, the similarity of issues requirement does not require that the issues in the two actions be identical.  *See Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1383 (S.D. Cal. 2014) ("The first-to-file rule does not require strict identity of issues or 'exact parallelism,' but rather requires substantial similarity or overlap of the claims and issues.").  As already discussed, both cases involve alleged violations of the TCPA by CVS, both allege factually similar calls from CVS, and Defendant further notes that "the *Lowe* Plaintiffs have requested discovery on a significant portion of the allegedly misdialed numbers around which Dorfman has crafted his putative class." (Mot. 12, ECF No. 13-1.)  Nor does the fact that Plaintiffs in the *Lowe* action also seek relief under the Illinois state analog to the TCPA—an issue that is not before this Court—alter the Court's conclusion that the issues in the two pending actions are sufficiently similar for the first-to-file rule to apply.

---

[5] "Plaintiff also concedes that both cases involve TCPA violations by CVS, which is a defendant in both actions."  (Opp'n 6, ECF No. 7.)

6

1    Accordingly, the Court finds that all three factors favor application of the first-to-

2    file rule.

3    **II.    Exceptions to the First-to-File Rule**

4    Having determined that the threshold requirements for the first-to-file rule apply to

5    the present case, the Court next considers whether an exception should apply to preclude

6    its application.

7    Plaintiff's sole argument against application of the first-to-file rule is that doing so

8    would not serve judicial economy.  (Opp'n 7, ECF No. 7.)  Specifically, Plaintiff argues

9    that transferring[6] the case to the Northern District of Illinois would be disruptive to *Lowe*,

10   because interjecting claims involving landline customers would disrupt those proceedings

11   and require additional discovery, despite the fact that the *Lowe* case has been pending for

12   over two years and is nearing (or has reached) the end of fact discovery.  (*Id.*)  However,

13   as Defendant notes, a significant amount of discovery in this case would be duplicative of

14   the discovery already completed in *Lowe*, which may be made available to Plaintiff if the

15   case is transferred.  *Cf. Koehler*, 2013 WL 4806895, at *6 ("The discovery already obtained

16   in *Bolerjack* regarding Cheddar Goldfish distributed nationwide can be applied in the

17   instant action.").  Thus, while additional discovery may be needed, the substantial and

18   overlapping discovery already conducted in the *Lowe* case greatly enhances judicial

19   efficiency.  Furthermore, the Court agrees with Defendant "that Judge [John Z.] Lee (the

20   presiding Judge in *Lowe*) is entirely capable of managing the transferred action as he sees

21   fit."[7]  Once there, Judge Lee, already familiar with the *Lowe* case, can either consolidate

22

23   _____

23   [6] Plaintiff also argues that judicial economy would not be served if the Court either dismissed or stayed
24   his case.  (Opp'n 7–8, ECF No. 7.)  However, the Court need not reach these arguments because the Court
     concludes that transfer is the appropriate solution.  *See* Section III, *infra*.

25   [7] While there is no guarantee that Judge Lee will be assigned the case, there is a strong possibility this
     case will be assigned to Judge Lee pursuant to Section 11 of the Internal Operating Procedures of the
26   Northern District of Illinois.  In addition, either party could file a motion to reassign the case pursuant to
     LR 40.4(c).  In so noting, the Court *sua sponte* takes Judicial Notice of the Internal Operating Procedures
27   and Local Rules of the United States District Court for the Northern District of Illinois because they are
     found on the court's official website and thus "can be accurately and readily determined from sources
28   whose accuracy cannot be reasonably questioned."  F.R.E. 201.

both actions, stay the *Dorfman* case, or dismiss it altogether.  *Cf. Cadenasso v. Metro. Life Ins. Co.*, No. 13-CV-05491-JST, 2014 WL 1510853, at *11 (N.D. Cal. Apr. 15, 2014) (finding same).

## III.   Dismissal, Transfer, or Stay

Because the threshold requirements for the first-to-file rule are met and no exceptions apply, the question becomes whether to dismiss, transfer, or stay the case.  The Court declines to dismiss the case because it agrees with Plaintiff that its claims are potentially broader than those covered by the *Lowe* Class.[8]  For the same reason, the Court finds that staying the case would be inefficient, since Plaintiff's non-cellphone claims would likely remain despite a resolution of the *Lowe* case.  Accordingly, for the reasons set forth above in Section II, *supra*, the Court concludes that transferring the case to the Northern District of Illinois is the appropriate solution for the parties, this Court, and the interests of justice.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion to dismiss or stay based on the first-to-file rule, and **GRANTS** Defendant's motion, in the alternative, to transfer.  Accordingly, this action is **TRANSFERRED** to the United States District Court for the Northern District of Illinois.

**IT IS SO ORDERED.**

Dated:  January 9, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[8] Though, as discussed above, Plaintiff's adequacy of representation as to these claims remains to be determined.